## In re Diss Debar *et al.*

*(Supreme Court, Special Term, New York County. January 7, 1889.)*

1. PARENT AND CHILD—COMMITMENT FOR NEGLECT—VALIDITY.

Pen. Code N. Y. § 291, as amended by Laws 1884, c. 46, provides that any child actually or apparently under 16 years of age, found homeless and without proper

guardianship, or improperly exposed or neglected, must be arrested, and that the proper court may commit it to any institution authorized by law to receive and care for minors. A police magistrate found, on examination, the truth of a sworn charge made before him, that certain children brought before him were found homeless, without proper guardianship, and improperly exposed, and that the mother was in prison on a criminal charge, and was not a proper person to have the custody of such children. *Held*, that their commitment by him to the Society for the Prevention of Cruelty to Children was *prima facie* valid, and a petition for their discharge would be denied.

2. SAME—CUSTODY OF CHILDREN—RIGHT OF MOTHER TO VISIT.

It appeared that the petitioner, the alleged mother, had recently served a term in prison under conviction for crime, and it was charged, and not denied, that she had long been living in open adultery. The president of the society stated that she was not the mother of one of the children, who were being cared for in a private institution, where their identity was unknown, and that in his opinion they could not be kept there, or in any similar institution, if the petitioner were permitted to visit them. *Held*, that such permission would not be given.

At chambers. Petition by Anne Adelia Messant, otherwise known as Madam Diss Debar, for *habeas corpus*, to obtain the discharge from custody of Julia Diss Debar and Alice Messant, otherwise known as Alice Diss Debar.

*John D Townsend* and *Luther R. Marsh*, for petitioner.    *Elbridge T. Gerry* and *John E. Pine, contra*.

ANDREWS, J.    Section 291 of the Penal Code, as amended by chapter 46 of the Laws of 1884, provides that any child actually or apparently under the age of 16 years, who is found not having any home or other place of abode, or proper guardianship, or who has been improperly exposed or neglected by its parents or other persons having it in charge, must be arrested and brought before a proper court or magistrate as a vagrant, disorderly, or destitute child. It is further provided that such court or magistrate may commit the child to any charitable reformatory, or other institution authorized by law to receive and take charge of minors. It appears by the returns to the writ of *habeas corpus* issued in this case that the children, Julia Diss Debar and Alice Messant, otherwise known as Alice Diss Debar, were brought before a police magistrate on April 28, 1888, and a charge was made under oath by Henry E. Stocking, that said children were found by him improperly exposed, not having any home or place of abode, or proper guardianship; the mother, Anne Adelia Messant, otherwise known as Madam Diss Debar, being confined in the city prison upon a criminal charge, and having lived in adultery with one Joseph Diss Debar, who is a married man, with a wife and children living, and that the said Anne was an unfit and improper person to have the care, custody, and control of said children. It further appears that thereupon an examination was had before said magistrate, as to the truth of such charge, at which said Madam Diss Debar and Joseph Diss Debar were both present; that the magistrate found, upon the evidence of the witnesses produced before him, that said charge was true, and he thereupon committed said children to the New York Society for the Prevention of Cruelty to Children. The proceedings which led to the commitment of these children appear to have been conducted in strict accordance with law, and the commitment is valid upon its face; and, under these circumstances, I have no power to investigate the question whether it was wise and proper that the children should be arrested and committed. The proceedings being regular, and the commitment being valid upon its face, the application for the discharge of the children must be denied.

Without regard to the question as to the power of the court to direct that Madam Diss Debar be permitted to see these children, I do not think that such permission should be given at the present time. Madam Diss Debar was duly convicted in the court of general sessions in this city, after a fair trial, of conspiracy to defraud, and she was thereupon sentenced to be im-

prisoned in the penitentiary for the term of six months. She served such term, and has recently been discharged. It is also charged, and was not denied upon the hearing before me, that she has for a long time been living in open adultery with one Joseph Diss Debar, who has a wife and children. The president of the Society for the Prevention of Cruelty to Children stated upon such hearing that Madam Diss Debar is not the mother of one of the children, and that both children are being cared for and educated in a private institution, where their identity is not known; and that, in his opinion, if Madam Diss Debar were permitted to see such children now, it would be impossible to keep them longer in such or any other similar institution, and that the effect upon the children of allowing Madam Diss Debar to visit them at the present time would be exceedingly injurious. Under these circumstances, I am constrained to decline to make any order permitting her to see such children.